**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **RONALD WEBSTER (#294114)** | **CIVIL ACTION** |
| **VERSUS** | |
| **BATON ROUGE CITY POLICE DEPT., ET AL.** | **NO. 11-0411-BAJ-DLD** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 4, 2011.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

RONALD WEBSTER (#294114)                                    CIVIL ACTION

VERSUS

BATON ROUGE CITY POLICE DEPT., ET AL.                       NO. 11-0411-BAJ-DLD

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff filed this action pursuant to 42 U.S.C. § 1983 against the Baton Rouge City Police Department, former District Attorney Doug Moreau and Clerk of Court Doug Welborn, alleging that his constitutional rights were violated on April 9, 2009, when he was arrested without probable cause and charged with possession of crack cocaine by an unidentified city police officer. The plaintiff asserts that the charges have since been dismissed.

Pursuant to 28 U.S.C. § 1915(e), this Court is authorized to dismiss an action brought in forma pauperis if satisfied that the action is frivolous, malicious or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e). See Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986). An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." Davis v. Scott, 157 F.3d 1003 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim based upon an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless, a category encompassing allegations that are fanciful, fantastic and delusional. Neiztke v. Williams, supra, Denton v. Hernandez, supra. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1993. Id.; Ancar v. Sara

Plasma, Inc., 964 F.2d 465 (5th Cir. 1992). A § 1915(e) dismissal may be made at any time, before or after service of process and before or after an answer is filed. Green v. McKaskle, supra.

The plaintiff's allegations fail to show that there is an arguable factual and legal basis for the claim asserted. Initially, it appears that he has named the Baton Rouge City Police Department as a defendant herein. Under Rule 17(b) of the Federal Rules of Civil Procedure, the capacity of an entity such as a police department to sue or be sued is determined by the law of the state in which the district court sits. See, e.g., Darby v. Pasadena Police Dept., 939 F.2d 311 (5th Cir. 1991). Under Louisiana law, the "Baton Rouge City Police Department" has neither the capacity to sue nor the capacity to be sued. See Ruggiero v. Litchfield, 700 F.Supp. 863 (M.D. La. 1988). See also Francis v. Dupree, 2010 WL 5636213 (E.D. La., Dec. 9, 2010); Atkinson v. NOPD, 2007 WL 2137793 (E.D. La., July 23, 2007); Manley v. State of Louisiana, 2001 WL 506175 (E.D. La., May 11, 2001). Accordingly, the plaintiff's claim asserted against the city police department must be dismissed due to the department's lack of legal capacity to be sued.

Further, to the extent that the plaintiff may seek to hold the City of Baton Rouge liable, through its police department, for his wrongful arrest in April, 2009, this claim is also subject to dismissal. In order for there to be municipal liability under § 1983, the plaintiff must be able to show that there is a direct causal connection between a policy, practice or custom of the municipality and the constitutional violation sought to be redressed. City of Canton, Ohio v. Harris, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). He must specifically identify the alleged policy, show a connection between the policy and the governmental entity itself, and show that his injuries were incurred because of the application of that specific policy. Bennett v. City of Slidell, 728 F.2d 762 (5th Cir. 1984), cert. denied, 472 U.S. 1016, 105 S.Ct. 3476, 87 L.Ed.2d 612 (1985). Proof of a single incident is ordinarily insufficient to hold a municipality liable for inadequate training or supervision. Gabriel v. City of Plano, 202 F.3d 741 (5th Cir. 2000).

In the instant case, the plaintiff has provided no allegation whatever relative to any established policy or practice of the Baton Rouge City Police Department which may be seen to

represent the custom or policy of the City of Baton Rouge. To the contrary, all that the plaintiff has offered is the conclusory assertion that he was arrested without probable cause by an unnamed officer on the referenced date. This conclusory assertion is insufficient to support a finding of municipal liability on the part of the City of Baton Rouge. Accordingly, the plaintiff's claim in this regard must be dismissed.

Turning to the plaintiff's claim asserted against the defendant District Attorney, Doug Moreau, it appears clear that this claim is barred by the doctrine of absolute prosecutorial immunity. In this regard, a district attorney is absolutely immune in a civil rights lawsuit for any action taken pursuant to his role as a prosecutor in preparing for the initiation of judicial proceedings or in presenting the State's case before the courts. See Kalina v. Fletcher, 522 U.S. 118, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997); Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); Esteves v. Brock, 106 F.3d 674 (5th Cir.), cert. denied, 522 U.S. 828, 118 S.Ct. 91, 139 L.Ed2d 47 (1997). The courts are directed to employ a "functional" test in determining whether a prosecutor is entitled to absolute immunity, pursuant to which test the courts look to the "nature of the function performed" by the prosecutor. Buckley v. Fitzsimmons, 509 U.S. 259, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993). A prosecutor's immunity applies to his actions in initiating prosecution, in carrying the case through the judicial process, and to those actions which are "intimately associated with the judicial phase of the criminal process." Esteves v. Brock, supra, quoting Imbler v. Pachtman, supra. "A prosecutor's absolute immunity will not be stripped because of action that was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Labry v. Mamoulides, 248 F.3d 1142 (5th Cir. 2001), quoting Kerr v. Lyford, 171 F.3d 330 (5th Cir. 1999).

In the instant case, the plaintiff's Complaint includes no specific factual allegations relative to defendant Moreau, but it appears clear that the plaintiff's claim against the District Attorney is based on the defendant's conduct as an advocate for the State of Louisiana. The defendant is therefore entitled to absolute prosecutorial immunity. See Imbler v. Pachtman, supra; Cousin v.

Small, 325 F.3d 627 (5th Cir. 2003), cert. denied, 540 U.S. 826, 124 S.Ct. 181, 157 L.Ed.2d 48 (2003). Accordingly, the plaintiff's claim asserted against this defendant must be dismissed because he seeks recovery from a defendant who is immune from such relief. See Delaney v. Ackal, 2009 WL 5195935 (W.D. La., Oct. 10, 2009).

The plaintiff also names as a defendant herein Clerk of Court Doug Welborn, but the plaintiff has failed to include any factual allegations relative to this defendant. In this regard, in order for a person to be found liable under § 1983, the person must either have been personally involved in conduct causing an alleged deprivation of the plaintiff's constitutional rights, or there must be a causal connection between the conduct of that person and the constitutional violation sought to be redressed. Lozano v. Smith, 718 F.2d 756 (5th Cir. 1983). In the absence of any factual allegations relative to defendant Welborn, there is no basis for the imposition of liability against him. Moreover, a clerk of court is normally clothed with either absolute or qualified immunity for his actions in performing the duties of his office. See Leroy v. White, 2008 WL 906296 (E.D. La., April 2, 2008). The plaintiff has failed to allege any facts which would support an abrogation of this immunity relative to defendant Welborn. Accordingly, the Court concludes that the plaintiff's claim asserted against this defendant is frivolous as a matter of law and must be dismissed.

Finally, in the alternative, the Court finds that the plaintiff's claims would fare no better upon a substantive review thereof. Initially, the United States Constitution does not include a "freestanding" right to be free from malicious prosecution. Castellano v. Fragozo, 352 F.3d 939 (5th Cir. 2003) (en banc), cert. denied, 543 U.S. 808, 125 S.Ct. 33, 160 L.Ed.2d 10 (2004). Instead, it must be shown that a state official has violated a specific federal constitutional right in connection with a search, arrest or prosecution. The mere institution of prosecution without probable cause, without more, will not meet this requirement, even if the charges are ultimately terminated in the plaintiff's favor. Id. Further, although the initiation of criminal charges without probable cause "may set in force events that run afoul of the ... Fourth Amendment if the accused is seized and arrested ... or other constitutionally secured rights if a case is further pursued", these "are not claims for

malicious prosecution and labeling them as such only invites confusion." Id. Accordingly, the plaintiff's claim of "malicious prosecution" is more properly subjected to analysis as a claim of an alleged wrongful arrest and seizure arising under the Fourth Amendment.

Finally, with regard to the plaintiff's claim that he was wrongfully arrested without probable cause in April, 2009, the Court finds that this claim is barred by the applicable statute of limitations. In this regard, inasmuch as there is no federal statute of limitations for claims brought pursuant to 42 U.S.C. § 1983, a federal court must borrow the forum state's general personal injury limitations period for such claims. Owens v. Okure, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). In Louisiana, the applicable period of limitations is one year. La. Civ. Code Art. 3492. Moreover, under federal law, a cause of action under 42 U.S.C. § 1983 accrues when the plaintiff knows of or has reason to know of the injury which forms the basis for his cause of action. Gartrell v. Gaylor, 981 F.2d 254, 257 (5th Cir. 1993); Lavellee v. Listi, 611 F.2d 1129, 1131 (5th Cir. 1980).

In the instant case, the limitations period certainly commenced to run on the plaintiff's false arrest claim no later than April, 2009, at such time as a judge or magistrate made an independent determination of probable cause in accordance with Louisiana law. See Wallace v. Kato, 549 U.S. 384, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007) (holding that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process"). Specifically, inasmuch as "false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held pursuant to such process - when, for example, he is bound over by a magistrate or arraigned on charges." Id. (Emphasis added and in original). See also Davis v. Pollock, 2010 WL 420017 (S.D. Tex., Jan. 29, 2010) ("The limitations period of a false arrest claim began to run on the date when the plaintiff was first detained pursuant to legal process"). In the instant case, the plaintiff has made no allegation that a judge or magistrate did not make an independent determination of probable cause within 48 hours of his arrest as mandated by La. Code Crim. P. art. 230.2 (which determination need not

have been made in the plaintiff's presence or in connection with a court appearance). Accordingly, the one-year limitations period on the plaintiff's claim of false arrest logically commenced to run when he was first subjected to such formal process, through that determination made by a judge or magistrate after his arrest. It is clear, therefore, that the plaintiff's claim relative to his arrest occurring in April, 2009, asserted in this Court more than two years after the events complained of, is barred by the applicable one-year limitations period.

RECOMMENDATION

It is recommended that this action be dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e), without prejudice to any state law claims which the plaintiff may have.[1]

Signed in Baton Rouge, Louisiana, on October 4, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[1] Note that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."